# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

WESLEY JEFFERSON                                           PETITIONER
ADC #104933

V.                    NO. 5:17CV00263-JM-JTR

STATE OF ARKANSAS                                      RESPONDENT

## RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge James M. Moody Jr. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

## I. Introduction

Petitioner, Wesley Jefferson ("Jefferson"), an Arkansas Department of Correction inmate, has filed a 28 U.S.C. § 2254 Petition for a Writ of Habeas

Corpus.[1] (*Doc. 2.*) He attacks his 2006 convictions for capital murder, aggravated robbery, theft of property, and fleeing. *Id.*[2]

In June 2010, Jefferson challenged the same convictions in a § 2254 habeas action. *Jefferson v. Norris,* E.D. Ark. No. 5:10CV00167-JMM-JTR. On April 19, 2011, United States District Judge James M. Moody dismissed that case, with prejudice, because Jefferson's claims were procedurally barred and without merit.[3] *Id. at docs. 23-24.* Jefferson was later denied a certificate of appealability by the Eighth Circuit Court of Appeals. *Id. at doc. 30.*

In June 2015, Jefferson filed another § 2254 habeas action attacking the same convictions. *Jefferson v. Kelley,* E.D. Ark. No. 5:15cv00186-JM-JTR. On July 8, 2015, United States District Judge James M. Moody Jr. dismissed the case, without prejudice, to allow Jefferson to seek permission from the Eighth Circuit to file a second or successive § 2254 petition. *Id. at docs. 6-7.*

---

[1]Jefferson has also filed a Motion for Leave to Proceed *In Forma Pauperis*. (*Doc. 1.*) Based on the provided financial information, he is eligible to proceed *in forma pauperis. See* 28 U.S.C. § 1915.

[2]Jefferson was sentenced to life imprisonment without the possibility of parole for the capital murder conviction, 240 months for aggravated robbery, 120 months for theft of property, and 72 months for fleeing. His convictions and sentences were affirmed on direct appeal. *Jefferson v. State,* 372 Ark. 307, 276 S.W.3d 214 (2008).

[3]While his original habeas action was pending, Jefferson filed a second § 2254 habeas action attacking the same convictions. *Jefferson v. Hobbs*, E.D. Ark. No. 5:10CV00321-JMM-JTR. Judge Moody dismissed the case, without prejudice, to allow Jefferson to seek permission to amend his pending habeas Petition in No. 5:10CV00167.

Jefferson then filed, with the Eighth Circuit, two applications for permission to file a successive § 2254 habeas petition challenging his 2006 convictions. Both applications were denied. *Jefferson v. Kelley*, No. 15-2528 (8th Cir. Sept. 30, 2015); *Jefferson v. Kelley*, No. 16-3374 (8th Cir. Jan. 4, 2017).

On October 18, 2017, Jefferson initiated the current § 2254 habeas action. For the reasons discussed below, the Court recommends that the Petition be dismissed, without prejudice, because Jefferson has not obtained permission from the Eighth Circuit Court of Appeals to file a successive habeas action. *See* Rule 4, Rules Governing § 2254 Cases in United States District Courts (a federal court should summarily dismiss a habeas petition if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court").

## II. Discussion

This is yet another successive § 2254 habeas action challenging Jefferson's 2006 convictions for capital murder, aggravated robbery, theft of property, and fleeing. Only the Eighth Circuit Court of Appeals has the authority to grant Jefferson permission to file a successive § 2254 habeas action. *See* 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."). Until Jefferson obtains

the required authorization from the Eighth Circuit, this Court lacks jurisdiction to proceed. *Burton v. Stewart*, 549 U.S. 147, 152-53, 157 (2007).

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. Jefferson's Motion for Leave to Proceed *In Forma Pauperis* (*Doc. 1*) be GRANTED;

2. Jefferson's 28 U.S.C. § 2254 Petition for a Writ of Habeas Corpus (*Doc. 2*) be DISMISSED, WITHOUT PREJUDICE, so that Jefferson may seek authorization from the Eighth Circuit Court of Appeals, pursuant to 28 U.S.C. § 2244(b)(3)(A), to file a successive habeas petition; and

3. A Certificate of Appealability be DENIED, *see* 28 U.S.C. § 2253(c)(1)-(2); § 2254 Rule 11(a).

DATED this 3rd day of November, 2017.

_____
UNITED STATES MAGISTRATE JUDGE